UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD STEPHEN BOUTTE,<br><br>　　　　　　　　　　Petitioner,<br><br>　v.<br><br>JAMES A. YATES, et al.,<br><br>　　　　　　　　　　Respondents. | No. 2:07-cv-01508-AK<br><br>**ORDER** |

　　**1.**　The Supreme Court held in Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011), that "review under [28 U.S.C.] § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."  The Superior Court's denial of Boutte's first habeas petition, dated August 12, 2006, is the "last explained state-court judgment" on his ineffective assistance of counsel ("IAC") claim.  Ylst v. Nunnemaker, 501 U.S. 797, 805 (1991) (emphasis omitted).  This court agrees with Boutte that the Superior Court's cryptic order is best read as holding that he waived his IAC claim by not raising it before the Court of Appeal on direct review.  See Reply to Opp. to SJ at 6.  Because Boutte's IAC claim wasn't "adjudicated . . . on the merits" in state court, section 2254(d) doesn't apply and Pinholster, 131 S. Ct. at 1398 (2011), doesn't bar this court from expanding

the record by considering the exhibits Boutte attached to his amended federal habeas petition and motion for summary judgment.

**2.** This court may not hold an evidentiary hearing on a habeas claim if the prisoner "failed to develop the factual basis of [his] claim in State court proceedings." 28 U.S.C. § 2254(e)(2). Section 2254(e)(2) applies only if the prisoner has shown "a lack of diligence" in seeking to expand the record. Williams v. Taylor, 529 U.S. 420, 432 (2000). Boutte repeatedly made clear during his state court proceedings that vindicating his IAC claim required consideration of materials not in the record. See Pet. of Aug. 12, 2006 at G1b2, G4b3. Although "[o]rdinarily diligence requires that a petitioner seek an evidentiary hearing in state court in the manner prescribed by state law," Boutte "never reached the stage of proceedings at which an evidentiary hearing should be requested [and therefore] has not shown 'a lack of diligence at the relevant stages of the state court proceedings.'" Horton v. Mayle, 408 F.3d 570, 582 n.6 (9th Cir. 2005). Contrary to the warden's attempt to distinguish Horton, see Opp. to SJ at 10, Boutte's first state habeas petition referenced the very allegations that the state court denied him the opportunity to document through discovery and additional evidence. See Pet. of Aug. 12, 2006 at G4a1, G4a2 (referencing "complainant's long history of

mental illness, recurrent stays in psychiatric wards, extreme drug dependence" and "'penchant' for untruthfulness"). Therefore, section 2254(e)(2) doesn't prevent this court from holding an evidentiary hearing.

    **3.** In ruling on the merits of Boutte's petition, the court is prepared to rely on the existing record and Boutte's newly proffered evidence, which consists entirely of written materials. See <u>Downs</u> v. <u>Hoyt</u>, 232 F.3d 1031, 1041 (9th Cir. 2000). Still, the parties may wish to conduct cross-examination or present further evidence. Unless either party, within twenty-one days of the filing of this order, requests an evidentiary hearing with live testimony, the court will rule on Boutte's petition based on the existing record and the exhibits Boutte attached to his amended federal habeas petition and motion for summary judgment.

June 17, 2012



**ALEX KOZINSKI**
Chief Circuit Judge
Sitting by designation