UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DONALD STEPHEN BOUTTE**, <br><br>                    Petitioner, <br><br>   v. <br><br> **MARTIN BITER, et al.**, <br><br>                    Respondents. | No. 2:07-cv-01508-AK <br><br> **ORDER** |

**KOZINSKI**, Circuit Judge:

    This court granted Donald Stephen Boutte a conditional writ of habeas corpus based on a claim of ineffective assistance of counsel (IAC).  Order of Oct. 4, 2012, at 20–21.  The state now moves to stay his release pending its appeal to the Ninth Circuit.  Mot. for Stay Pending Appeal 1–2.

    While there is a presumption in favor of release when habeas relief has been granted, Fed. R. App. P. 23(c), that presumption can be overcome, see Hilton v. Braunskill, 481 U.S. 770, 774 (1987).  In determining whether to grant a stay of release, the court considers these factors: (1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the stay applicant will be irreparably injured absent a stay; (3) whether the issuance of a

stay will substantially injure the habeas petitioner; and (4) where the public interest lies.  Id. at 776.

**1.**  While there is "some uncertainty as to the exact degree of likely success that stay petitioners must show," they aren't required to "demonstrate that it is more likely than not that they will win on the merits."  Leiva-Perez v. Holder, 640 F.3d 962, 966 (9th Cir. 2011) (per curiam).  They only have to show "a substantial case on the merits."  Id. (internal quotation marks omitted).

In analyzing Boutte's habeas petition, this court began by examining the degree to which the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) constrained review.  Order 3; see 28 U.S.C. § 2254.  To do that, this court looked to "'the last explained state-court judgment'" on Boutte's claim, which was the Superior Court's decision.  Order 3 (quoting Ylst v. Nunnemaker, 501 U.S. 797, 805 (1991) (emphasis omitted)).  The Superior Court held:

> As to the grounds for relief, generally speaking, challenging the evidence and presentation of evidence, the evidence has already been reviewed and found sufficient in the decision of the Court of Appeal. Particulars that could have been, but were not, raised in the Court of Appeal are waived.  Relief on these grounds is denied.

Boutte v. Tilton, No. HC-CR-06-0000011 (Cal. Super. Ct. Oct. 17, 2006) (emphasis added).  This court held that while the Superior Court's order was "far

from pellucid," it was "best understood as holding that Boutte waived his IAC claim by failing to raise it on direct review." Order 4. After all, "[t]his must be what the Superior Court meant when it referred to 'presentation of evidence' and to '[p]articulars that could have been, but were not, raised in the Court of Appeal.'" Id.

Because "[t]he California Supreme Court has repeatedly explained that a defendant need not, and generally should not, raise an IAC claim on direct appeal," Order 5 (citing, inter alia, People v. Diaz, 834 P.2d 1171, 1203 (Cal. 1992)), this court held that the Superior Court "clearly erred in concluding that Boutte thereby waived that claim." Order 4–5. And because finding waiver in this situation was an "'exorbitant application of a generally sound rule,'" the asserted waiver did not bar federal review. Id. at 5 (quoting Lee v. Kemna, 534 U.S. 362, 376 (2002).

In its motion seeking a stay of release, the state argues that the better reading of the Superior Court's order is that it didn't address the IAC claim at all. Mot. 5–9. According to the state, "the evidence and presentation of evidence" referred to the sufficiency of the evidence ground, and "[p]articulars that could have been, but were not, raised" referred to the conflicting verdict and prosecutorial misconduct grounds and possibly parts of the sufficiency of the evidence ground. Id. at 6–7.

This court finds "presentation of evidence" to be a strange way to refer to a sufficiency of the evidence claim. "Presentation" more likely refers to the attorney's performance at trial. More to the point, when "presentation of evidence" is read in conjunction with the phrase "[p]articulars that could have been, but were not, raised," it is best understood as referring to Boutte's IAC claim. The state counters that "'[t]he presumption of regularity supports the official acts of public officers, and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties.'" Mot. 8 (quoting United States v. Chem. Found., Inc., 272 U.S. 1, 14–15 (1926)); see also Holland v. Jackson, 542 U.S. 649, 655 (2004) (per curiam). It seems odd to presume a court "properly discharged [its] official duties" by failing to address an issue squarely presented to it, especially when the court's language suggests it is addressing it. Chem. Found., Inc., 272 U.S. at 15. Nonetheless, a panel of the Ninth Circuit could conclude that the presumption of regularity applies and that the Superior Court properly discharged its official duties by saying nothing.

If the Superior Court's order does not refer to the IAC claim, then this court would accord the Superior Court's decision AEDPA deference. See 28 U.S.C. § 2254. That's because when a state court summarily denies a petition, a federal habeas court must presume that the state court denied the claim on the merits.

Harrington v. Richter, 131 S. Ct. 770, 783–85 (2011).  In that event, this court could only grant Boutte's habeas petition on the basis of IAC, if the state court's denial "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. at 783–84 (quoting § 2254(d)(1), (2)).

Boutte's IAC claim is that his attorney failed to investigate his wife's emotional and mental instability.  She was the only percipient witness to the alleged rape.  Had his attorney investigated, he would have uncovered evidence, that if presented to the jury would have likely changed the verdict.  See Order 15–20.  This court found that Boutte's attorney rendered ineffective assistance given the information Boutte provided him and the wealth of documents that could have been uncovered with investigation.  Nonetheless, the Superior Court did not have the evidence this court reviewed, including Boutte's letters to his attorney and several reports detailing the wife's instability.  See Order 11–13.  Without this evidence, concluding that Boutte's attorney wasn't ineffective was probably not unreasonable.  See § 2254(d)(2).

In sum, it's arguable that the language in the Superior Court's order wasn't enough to rebut the presumption that state courts generally follow the law.  If it

wasn't, then this court would have accorded the Superior Court's decision AEDPA deference, which would likely have resulted in a denial of Boutte's IAC claim. Therefore, the state has a "substantial case on the merits." <u>Hilton</u>, 481 U.S. at 778.

**2.** "Where the State . . . demonstrate[s] a substantial case on the merits, continued custody is permissible if the second and fourth factors in the traditional stay analysis militate against release." <u>Id.</u>  In this case, those factors—irreparable injury to the state and the public interest—militate against release.  Within these factors the court looks at the risk posed to the public by the petitioner's release, the risk the petitioner will flee and the state's "interest in continuing custody and rehabilitation pending a final determination of the case on appeal." <u>Id.</u> at 777.

The state argues that these considerations favor staying Boutte's release. Mot. 19–21.  Boutte has made no effort to refute the state's argument; instead, he contends only that these considerations are irrelevant because the state does not have a substantial case. <u>See</u> Opp'n to Mot. for Stay Pending Appeal 5.  But given this court's finding that the state does have a substantial case, it must consider the remaining factors.

Boutte has a long criminal history, including convictions for grand theft, battery, forcible sodomy, sex offenses involving a child and false imprisonment.

See Mot. 19–20.  Boutte hasn't argued that he has reformed his ways or that his convictions were erroneous.  See Opp'n to Mot. 5.  Thus, this court concludes that he poses a substantial risk to the public.

Boutte also poses a serious flight risk.  He has been incarcerated for much of his adult life and has shown no strong community ties; he has numerous prior felonies, including multiple crimes of violence, a history of drug abuse and violations of parole.  See Mot. 19–20.  These facts suggest that he might flee the jurisdiction if released, see 18 U.S.C. § 3142(g), and Boutte has offered no evidence or assurances to suggest otherwise, see Opp'n to Mot. 5.

Finally, Boutte faces 120 years to life in prison.  See Mot. 20.  The state's interest in continuing custody "will be strongest where the remaining portion of the sentence to be served is long."  Hilton, 481 U.S. at 777.  Thus, the state has a strong interest in favor of continuing custody.

**3.**  The third factor—the petitioner's interest in release—is strongest where the second and fourth Hilton factors are weakest.  Id. at 777–78.  Boutte's significant criminal history, risk of flight and long prison sentence diminish the weight of his interest in release.

page 8

\*        \*        \*

The court finds that Boutte's release should be stayed pending appeal because the state has a substantial case on the merits, Boutte poses a danger to the public, he is a flight risk and the state has a strong interest in continuing custody.

**RESPONDENTS' MOTION FOR STAY PENDING APPEAL IS GRANTED.**

November 20, 2012

_____
**ALEX KOZINSKI**
Chief Circuit Judge
Sitting by designation
28 U.S.C. § 291(b)